WEIMER, J.,
dissenting.
I would grant the writ and vacate the contempt sanction. Undoubtedly, there were better avenues available to attorney Green than the one he chose after being directed by the district court to inquire as to whether the mother of an indigent client, who was a minor, received public assistance. Attorney Green candidly admits that his choice of wording when disagreeing with the court regarding that inquiry was “unwise.” However, the legal question presented by attorney Green’s actions is whether his conduct as shown on this record rises to the level of meriting the sanction of contempt. While I fully agree that attorney Green should not have responded as he did, I nevertheless find, under recognized legal standards, that attorney Green’s conduct has not been shown to merit the sanction of contempt and incarceration on this record.
As this court has previously ruled, for the sanction of criminal contempt to be imposed upon an attorney for the attor *1094 ney’s conduct during a hearing, the conduct justifying that sanction must be apparent from the record. In re Milkovich, 493 So.2d 1186, 1190 (La.1986). In a per curiam, the district court explains that conduct for which the sanction was imposed (i.e., “several statements and outbursts”) was not contemporaneously transcribed. In the absence of a transcription or other contemporary evidence of record, a rule to show cause must be held in order to allow sufficient appellate review. Id., 493 So.2d at 1190 n. 4. Here, because the evidentia-ry basis for the contempt ruling is neither contained in contemporaneous transcription nor memorialized by a rule to show cause, the contempt ruling cannot stand.